## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DAVID LEE JACKSON,

        Plaintiff,

        v.

THE FEDERAL BUREAU OF
PRISONS, et al.,

        Defendants.

CIVIL ACTION NO. 4:19-cv-00287

(BRANN, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

This is an action for declaratory and injunctive relief under the Administrative Procedures Act, 5 U.S.C. § 702, which commenced when the original complaint was filed on February 19, 2019. The plaintiff, David Lee Jackson, is a life-term prisoner in the custody of the Federal Bureau of Prisons ("BOP"). At the time of filing, he was incarcerated at USP Pollock, a federal correctional facility located in Grant Parish, Louisiana.

Appearing through counsel, Jackson seeks to enjoin BOP officials from designating him to the Special Management Unit ("SMU") program at USP Lewisburg, a federal correctional facility located in Union County, Pennsylvania. In his complaint, Jackson alleges that he suffers

from serious mental illness, and that his mental health condition was adversely affected by two prior designations to the SMU at USP Lewisburg—the first period occurring between June 2015 and December 2016, and the second period occurring between March 2018 and January 2019. Jackson also seeks declaratory relief with respect to these past two designations to the SMU.

The defendants have moved to dismiss the amended complaint or for summary judgment. (Doc. 19.) The motion is fully briefed and ripe for disposition. (Doc. 20; Doc. 21; Doc. 28; Doc. 29; Doc. 30.)

## I.   BACKGROUND

Jackson is a 58-year-old federal prisoner, serving a term of life imprisonment. He has been in the custody of the BOP continuously since 2005. He suffers from well-documented chronic and serious mental illness, and he is intellectually disabled. On two separate occasions—both involving non-violent infractions—Jackson has been designated and transferred to the SMU at USP Lewisburg, where the stressful conditions of confinement have allegedly exacerbated his mental illness symptoms.

On June 22, 2015, following an administrative hearing, the BOP transferred Jackson from USP Hazleton to the SMU at USP Lewisburg,

despite his mental health condition and history, which was well known to prison officials. Jackson remained in the SMU at USP Lewisburg until December 2016, during which time he repeatedly sought medical care for his mental health symptoms, to no avail. On December 22, 2016, Jackson was transferred from USP Lewisburg's SMU to USP McCreary, located in McCreary County, Kentucky.

On March 12, 2018, following an administrative hearing, the BOP transferred Jackson from USP McCreary to the SMU at USP Lewisburg, where he remained until January 2019. Jackson allegedly experienced similarly deficient medical care in this second stint in the SMU. On January 24, 2019, Jackson was transferred from USP Lewisburg's SMU to USP Pollock, located in Grant Parish, Louisiana.

In the meantime, on June 8, 2018, the BOP had publicly announced a mission change for USP Lewisburg, which included a relocation of the BOP's SMU program from USP Lewisburg to AUSP Thomson, located in Carroll County, Illinois. On January 7, 2019, USP Lewisburg received its last SMU-designated inmate, with *all* future SMU designations going to AUSP Thomson. Prior to this change, the SMU population at USP Lewisburg averaged about 1,200 inmates. As of July 2019, approximately

500 inmates remained in the SMU at USP Lewisburg, and that number was expected to reach zero by early 2020.

Jackson filed his original complaint in this action on February 19, 2019. At the time, he was incarcerated at USP Pollock in Louisiana,[1] and there was no conceivable scenario in which Jackson could return to the SMU at USP Lewisburg because all new SMU referrals at that time (and thereafter) were being designated to AUSP Thomson.

## II.    LEGAL STANDARD

The plaintiff bears the burden of establishing the existence of subject matter jurisdiction under Rule 12(b)(1). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A defendant may challenge the existence of subject matter jurisdiction in one of two fashions: it may attack the complaint on its face or it may attack the existence of subject matter jurisdiction in fact, relying on evidence beyond the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant attacks a complaint as deficient on its face, "the court must consider the allegations of the

---

[1] He remains currently incarcerated at USP Pollock.

complaint as true." *Mortensen*, 549 F.2d at 891. "In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and 'undisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss." *Medici v. Pocono Mountain Sch. Dist.*, No. 09-CV-2344, 2010 WL 1006917, at *2 (M.D. Pa. Mar. 16, 2010). However, when a motion to dismiss attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations," and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. This case falls into the latter category.[2]

---

[2] In addition to seeking dismissal for lack of jurisdiction under Rule 12(b)(1), the defendants have argued, in the alternative, that the plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim or summary judgment should be granted under Rule 56 for his failure to exhaust administrative remedies. Because we recommend disposition on jurisdiction and venue grounds, we have omitted the applicable standards under Rule 12(b)(6) and Rule 56.

## III.    DISCUSSION

### A. Standing

The defendants have moved to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure, contending that the plaintiff lacks standing to bring this action for declaratory and injunctive relief. They argue that, because Jackson is incarcerated at USP Pollock, a prison located in Louisiana, and the SMU program itself has been permanently relocated from USP Lewisburg to AUSP Thomson, a prison located in Illinois, there is no case or controversy within the boundaries of this federal judicial district, the Middle District of Pennsylvania, and this Court therefore lacks subject matter jurisdiction to hear the case.[3]

"Under Article III of the Constitution, a federal court may exercise jurisdiction only where there is an actual case or controversy to be decided." *1st Westco Corp. v. Sch. Dist. of Philadelphia*, 6 F.3d 108, 112–

---

[3] We note that the plaintiff argues in response that his claims are not mooted by his transfer to USP Pollock because he remains amenable to injunctive relief directed at his ultimate custodian, the BOP. But the question presented by the defendants is whether a live case or controversy within this judicial district existed upon commencement of this litigation, which implicates the plaintiff's standing to sue certain defendants for prospective relief at the outset of this action, rather than whether his claims in general are mooted by his transfer.

13 (3d Cir. 1993) (citing *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)); *see also* U.S. Const. Art. III, § 2, cl.1. The "existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief." *Belitskus v. Pizzingrilli*, 343 F.3d 632, 639 (3d Cir. 2003). "The standing doctrine defines what is a 'case' or 'controversy.'" *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320–21 (3d Cir. 2018).

> [T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). A lack of standing is a defect of subject matter jurisdiction. *See McCray v. Fide. Nat'l Title Ins. Co.*, 682 F.3d 229, 243 (3d Cir. 2012) ("Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."). Standing is evaluated at the time of the filing of the complaint. *Laidlaw*, 528 U.S. at 190–91.

"[A] plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). If a

- 7 -

plaintiff fails to link his claims to the conduct of one defendant, then he lacks standing to sue that particular defendant because he has failed to allege the requisite traceability as to that defendant. *Easter v. Am. W. Fin.*, 381 F.3d 948, 961–62 (9th Cir. 2004) (concluding that plaintiffs who could not trace injury to a particular defendant lacked standing to sue that defendant); *accord Rabin v. NASDAQ OMX PHLX LLC*, 182 F. Supp. 3d 220, 230–31 (E.D. Pa. 2016); *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 465 (D.N.J. 2013); *see also In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1126 (S.D. Fla. 2019) ("[S]tanding is defendant specific.") (citing *DaimlerChrysler*, 547 U.S. at 342). Moreover, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974); *see also Brown v. Fauver*, 819 F.2d 395, 399–400 (3d Cir. 1987) (plaintiff lacked standing to sue for declaratory and injunctive relief based solely on past exposure to illegal conduct). Thus, in order to obtain standing for prospective relief against Warden Ebbert—the only defendant found within this district—the plaintiff must establish "a real and immediate threat" that he would again be the victim of the allegedly

unconstitutional conduct by Warden Ebbert. *See Brown*, 819 F.2d at 400.

Here, the only facts alleged or evidence adduced with respect to Warden Ebbert and USP Lewisburg, the prison he supervises, concern alleged deliberate indifference by Ebbert and his subordinates to Jackson's serious medical needs while he was incarcerated in the SMU at USP Lewisburg on two separate occasions, the most recent of which ended on January 24, 2019. When this civil action commenced on February 19, 2019, Jackson was no longer incarcerated at USP Lewisburg, having been transferred to USP Pollock in Louisiana, where he remains to this day. Moreover, at the time when this action commenced, the SMU program at USP Lewisburg had been closed to new arrivals and the transition of all SMU-designated inmates to AUSP Thomson in Illinois was well underway. While the possibility of designation to the SMU at AUSP Thomson may have remained at the time of filing, there was no longer any prospect whatsoever of Jackson's future designation to the SMU *at USP Lewisburg*. Thus, the plaintiff's claim against Warden Ebbert for declaratory and injunctive relief lacks "sufficient immediacy and reality" to satisfy the case or controversy requirement and permit adjudication of this claim in federal court.

*O'Shea*, 414 U.S. at 497 (quoting *Golden v. Zwickler*, 394 U.S. 103, 109 (1969)).[4]

Accordingly, under the circumstances presented, we find that Jackson lacks standing to sue Warden Ebbert for prospective relief. Therefore, we recommend that Jackson's claims for declaratory and injunctive relief against Warden Ebbert be dismissed for lack of subject matter jurisdiction.

The same analysis applies with respect to one other defendant—J. Ray Ormond, the BOP's Northeast Regional Director. When this action commenced in February 2019, Jackson was incarcerated at USP Pollock, a prison within the BOP's South Central Region, and the SMU program had been relocated to AUSP Thomson, a prison within the BOP's North Central Region. Under these circumstances, the record evidence indicates that the regional director of the BOP's Northeast Region would have no role in any future SMU designation for Jackson, and thus we find

---

[4] "Of course, past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury." *O'Shea*, 414 U.S. at 497. The allegedly unconstitutional practices at USP Lewisburg's SMU in the recent past may inform a federal court's evaluation as to whether Jackson faces a real and immediate threat of harm if designated to the SMU program at AUSP Thomson. But, as discussed below, we find that *this* court is not the proper venue for that determination.

that Jackson likewise lacks standing to sue Director Ormond for prospective relief. Therefore, we recommend that Jackson's claims for declaratory and injunctive relief against Director Ormond also be dismissed for lack of subject matter jurisdiction.

But the same analysis does not extend to the other defendants. *See generally Lewis v. Casey*, 5128 U.S. 343, 358 n.6 (1996) ("[S]tanding is not dispensed in gross."). Based on the evidence of record, the BOP itself, its acting director, and its assistant director for correctional programs would all be involved in any future SMU designation, making the analysis above inapposite to these defendants.[5]

---

[5] The defendants' arguments focus on the absence of a live case or controversy *within this judicial district*. While this argument is persuasive with respect to the plaintiff's standing vis-à-vis Warden Ebbert, a defendant who happens to be found within the Middle District of Pennsylvania, our subject matter jurisdiction is not limited to the territorial boundaries of this particular district, but rather it "concerns [our] competence to adjudicate a particular *category* of cases." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006) (emphasis added). "To state it another way, subject matter jurisdiction addresses whether a dispute may be heard by a federal court at all. If so, venue then determines *which* federal court—usually meaning which federal district—should hear the case." 14D Arthur R. Miller, *Federal Practice & Procedure* § 3801 (4th ed. 2019) (emphasis in original); *cf. Lum v. Carnival Cruise Lines*, No. C-97-2241-VRW, 1998 WL 118188, at *1 (N.D. Cal. Feb. 27, 1998) ("A subject matter defect disqualifies all federal courts, not merely a particular district court."). The facts that dictate our findings with respect to Warden Ebbert—the plaintiff's transfer to USP Pollock and the

## B. Venue

The defendants have also argued, in the alternative, that venue is improper in this district. They contend that the action should be dismissed or transferred for improper venue. In their reply brief, they request that, if not dismissed, the case be transferred to a federal district court in the Western District of Louisiana or the Northern District of Texas.

Section 1406 provides that: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). Thus, § 1406 "applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). The movant bears the burden of proving that venue is improper. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir. 1982); *Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 442 (E.D. Pa. 1999).

---

transition of the SMU program to AUSP Thomson—do not impact his standing to sue the remaining defendants, even though all are outside this federal judicial district.

The statute governing venue is 28 U.S.C. § 1391, which provides in pertinent part:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. . . .

28 U.S.C. § 1391(e)(1).

Under § 1391(e)(1)(A), venue is proper where any one of the defendants resides. Here, the plaintiff has named five defendants: (1) the BOP; (2) Kathleen Hawk Sawyer, Acting Director of the BOP;[6] (3) J. Ray Ormond, Regional Director for BOP's Northeast Region; (4) Michael Carvajal, Assistant Director of the BOP's Correctional Programs Division; and (5) David J. Ebbert, Warden of USP Lewisburg. As a federal agency, the BOP is considered a resident of the District of Columbia for

---

[6] The original and amended complaints actually name Hugh Hurwitz, Sawyer's immediate predecessor in office. Under the federal rules, however, Sawyer was automatically substituted as a party in place of Hurwitz upon his removal from that office. *See* Fed. R. Civ. P. 25(d).

venue purposes. *See Galindo v. Gonzales*, 550 F. Supp. 2d 115, 117 (D.D.C. 2008); *Knight v. Corp. for Nat'l & Cmty. Serv.*, No. Civ.A. 03-2433, 2004 WL 2415079, at *5 (E.D. Pa. Oct. 28, 2004) ("[A] federal agency does not reside in a state for purposes of the venue statute merely because it has an office in that state. Instead, a federal agency sued in its own name is considered a resident of the District of Columbia only.") (citation, footnote, and internal quotation marks omitted). As federal officers, each of the other defendants is considered to reside in the place where they perform their official duties. *See Nestor v. Hershey*, 425 F.2d 504, 521 n.22 (D.C. Cir. 1969); *Galindo*, 550 F. Supp. 2d at 117; *Knight*, 2004 WL 2415079, at *6. Thus, Sawyer and Carvajal are considered residents of the District of Columbia, Ormond is considered a resident of the Eastern District of Pennsylvania, and Ebbert is considered a resident of the Middle District of Pennsylvania. A defendant against whom no cognizable claim has been stated, however, may be disregarded for venue purposes. *See McDaniel v. United States*, Case No. 18-cv-06785-JCS, 2018 WL 6617965, at *3 (N.D. Cal. Nov. 16, 2018); *Ervin v. Judicial Council of Cal.*, No. C 06-7479 CW, 2007 WL 1489255, at *2–*3 (N.D. Cal. May 18, 2007). This leaves the District of Columbia as the only proper

venue under § 1391(e)(1)(A).

In the context of a lawsuit seeking only prospective injunctive or declaratory relief, proper venue under section 1391(e)(1)(B) lies in a district where the alleged potential future harm will occur. *See Bishop v. Oklahoma*, 447 F. Supp. 2d 1239, 1254 (N.D. Okla. 2006), *rev'd on other grounds*, 333 Fed. App'x 361 (10th Cir. 2009); *Farmland Diaries v. McGuire*, 771 F. Supp. 80, 82 n.3 (S.D.N.Y. 1991). Although the amended complaint alleges facts concerning events at USP Lewisburg during Jackson's past designations to the SMU, his pre-filing transfer to USP Pollock in Louisiana and the transition of the SMU program to AUSP Thomson in Illinois have rendered venue in this district improper under § 1391(e)(1)(B). Based on the evidence of record, any future SMU designation would involve conduct by BOP officials at: (a) USP Pollock in Grant Parish, Louisiana; (b) the BOP's South Central Regional Office and its Designation and Sentence Computation Center in Dallas County, Texas; (c) the BOP's headquarters in Washington, D.C.; and (d) AUSP Thomson in Carroll County, Illinois. Thus, venue is potentially proper in the Western District of Louisiana, the Northern District of Texas, the District of Columbia, and the Northern District of Illinois under

§ 1391(e)(1)(B).

Under § 1391(e)(1)(C), venue is proper where the plaintiff resides. Based on the facts alleged and the evidence of record, the place of the plaintiff's residence is unclear. Although some federal courts might find that Jackson resides at his place of incarceration in the Western District of Louisiana, *see In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978) (holding that a prisoner has his residence at his place of confinement for venue purposes); *accord Kohut v. Henkel*, 574 F. Supp. 568, 570 (W.D. Pa. 1983), the Third Circuit has held in an unpublished decision that, for venue purposes, prisoners "generally are deemed to be residents, not of their place of incarceration, but of their place of domicile immediately before their incarceration." *Keys v. Dep't of Justice*, 288 Fed. App'x 863, 866 (3d Cir. 2008) (per curiam).[7] The record does not inform us definitively of the place of Jackson's pre-incarceration domicile, but we note that Jackson's long period of federal incarceration originated with a federal felony conviction in Michigan, and the facts of that conviction suggest that Jackson was a resident there at the time.[8] Thus, venue is potentially

---

[7] This is the majority rule. *See generally* 14D Arthur R. Miller, *Federal Practice & Procedure* § 3805 & n.18 (4th ed. 2019).

[8] *See United States v. Jackson*, 933 F.2d 1010 (table decision), 1991

proper in the Eastern District of Michigan under § 1391(e)(1)(C).

Based on the facts alleged and the evidence of record, we find that venue is improper in this judicial district, the Middle District of Pennsylvania. Whether to dismiss or transfer is within the broad discretion of the district court. *In re United States*, 273 F.3d 380, 387 (3d Cir. 2001). Generally, the interest of justice requires the court to transfer rather than dismiss the case. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). Under the circumstances presented in this case, we find that it is in the interest of justice to transfer this case to a proper venue rather than to dismiss the case, forcing the plaintiff to undergo the expense of refiling the claims at issue. Moreover, we find that, among the several forum districts where venue might be proper, the most appropriate district to which this action could be transferred is the Western District of Louisiana, where the plaintiff is incarcerated, where it is most likely that witnesses and evidence may be found concerning

---

WL 80316 (6th Cir. May 16, 1991) (noting that Jackson was sentenced on June 7, 1990, by the United States District Court for the Eastern District of Michigan, and that he had prior felony convictions in Michigan and California); Doc. 20-1, at 37 (indicating that Jackson was received into BOP custody at FCI Milan, located in Washtenaw County, Michigan, on June 6, 1990).

whether the plaintiff faces a real and immediate threat of future designation to the SMU at AUSP Thomson, and where the plaintiff may most readily and conveniently participate in discovery and trial of this matter.

Accordingly, having found that venue in this district is improper and that it is in the interests of justice to transfer rather than dismiss this action, we recommend that this action be transferred to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1406(a).

## IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that:

1.    The defendants' motion to dismiss and/or for summary judgment (Doc. 19) be **GRANTED in part and DENIED in part**;

2.    The plaintiff's claims against defendants **David J. Ebbert** and **J. Ray Ormond** be **DISMISSED** for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; and

3.    The remainder of this action be **TRANSFERRED** to the United States District Court for the Western District of Louisiana

pursuant to 28 U.S.C. § 1406(a).


Dated: December 9, 2019                    ***s/Joseph F. Saporito, Jr.***
                                           JOSEPH F. SAPORITO, JR.
                                           United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

DAVID LEE JACKSON,

        Plaintiff,

        v.

THE FEDERAL BUREAU OF
PRISONS, et al.,

        Defendants.

CIVIL ACTION NO. 4:19-cv-00287

(BRANN, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated December 9, 2019. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: December 9, 2019          ***s/Joseph F. Saporito, Jr.***
                                 JOSEPH F. SAPORITO, JR.
                                 United States Magistrate Judge