# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID LEE JACKSON, | No. 4:19-CV-00287 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Saporito) |
| THE FEDERAL BUREAU OF PRISONS, *et al.*, | |
| Defendants. | |

## ORDER

**MARCH 16, 2020**

David Lee Jackson filed this complaint seeking declaratory and injunctive relief related to his potential future placement in the special management unit at the United States Penitentiary in Lewisburg, Pennsylvania.[1] Defendants thereafter filed a motion to dismiss or, in the alternative, for summary judgment based on the absence of jurisdiction and venue, or for failure to exhaust administrative remedies.[2] Magistrate Judge Joseph F. Saporito, Jr., has issued a Report and Recommendation recommending that this Court grant in part Defendants' motion on the grounds that Jackson does not have standing to sue two defendants, and that venue is improper as

---

[1] Doc. 1.
[2] Doc. 19.

to the remaining defendants.³ Jackson has filed objections to the Report and Recommendation, asserting that venue is proper in this District.⁴

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.⁵ Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"⁶ Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.⁷

Because Jackson objects to the recommendation that venue within this District is improper, that portion of the recommendation is subject to de novo review.⁸ Jackson does not, however, object to the recommendation that he lacks standing to sue David J. Ebbert or Ray Ormond, and that recommendation is therefore reviewed only for clear error.⁹

---

3   Doc. 31.
4   Doc. 32.
5   Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).
6   *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
7   28 U.S.C. § 636(b)(1); Local Rule 72.31.
8   *City of Long Branch*, 866 F.3d at 99.
9   *See Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) (noting that district courts need not conduct de novo review of portions of the recommendation to which no party files specific objections).

2

After reviewing the record, the Court finds no error—clear or otherwise—in Magistrate Judge Saporito's conclusion that Jackson lacks standing to sue Ebbert or Ormond, and those defendants will therefore be dismissed from this action. The Court further finds no error in Magistrate Judge Saporito's recommendation that venue is improper in this District and that the action should be transferred to the United States District Court for the Western District of Louisiana. Jackson argues that venue within this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events that caused his earlier alleged constitutional deprivations occurred within the District.[10] However, because Jackson seeks injunctive relief based on future harm that may occur as a result of a potential transfer to a prison in Illinois, the Court agrees with Magistrate Judge Saporito that venue should be determined based upon where "a substantial part of the events or omissions"[11] underlying that transfer will occur.[12] Because none of the events that would underlie any potential future transfer will occur within this District, venue does not lie here. Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (Doc. 31) is **ADOPTED**;

---

[10] Doc. 32.
[11] 28 U.S.C. § 1391(b)(2).
[12] *See Cervi v. State Dep't of Offender Rehab.*, 487 F. Supp. 1385, 1386 (S.D. Ga. 1980) (holding "there is sufficient likelihood . . . that the [plaintiff's] transfer could occur within the Southern District of Georgia. Accordingly, venue is proper under 28 U.S.C. § 1391(b) because plaintiff's claim for deprivation is likely to arise in this district").

2. Defendants' motion to dismiss (Doc. 19) is **GRANTED** in part and **DENIED** in part;

3. Defendants Ebbert and Ormond are **DISMISSED** from this action for lack of subject matter jurisdiction;

4. The Clerk of Court is directed to **TRANSFER** the remaining claims to the United States District Court for the Western District of Louisiana; and

5. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge