UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID LEE JACKSON<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-00338 |
| VERSUS | JUDGE DRELL |
| FEDERAL BUREAU OF<br>PRISONS, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 57) for lack of subject matter jurisdiction filed by Defendants the Federal Bureau of Prisons ("BOP"), BOP Assistant Director of Correctional Programs Division Michael Carvajal ("Carvajal"), and Acting Director of the BOP Hugh Hurwitz ("Hurwitz") (collectively, "Defendants"). Defendants argue that Plaintiff David Lee Jackson ("Jackson") (Fed. Reg. No. 13567-039) lacks Article III standing. ECF No. 57-1 at 2.

Because Jackson has demonstrated a threat of future injury in fact that is traceable to Defendants' alleged conduct and is capable of redress, Defendant's Motion to Dismiss (ECF No. 57) should be DENIED.

I. **Background**

Jackson has been in the custody of the BOP since 2005. ECF No. 26 at 6. He is currently incarcerated at United States Penitentiary ("USP") at Pollock, Louisiana ("USP Pollock"). *Id.* Jackson claims that various BOP practices and policies violated his Eighth Amendment rights. ECF No. 26. Twice during his

1

incarceration, Jackson was transferred to the Special Management Unit ("SMU") at USP – Lewisburg. *Id.* The SMU program was created to house inmates with "unique security and management concerns." *Id.* at 9. Inmates are subject to solitary confinement in a cell approximately eight feet by twenty feet, alone or with a cellmate, for 22 to 24 hours a day. *Id.* at 9 and 14.

The BOP has implemented policies that acknowledge, identify, and treat serious mental illnesses. *Id.* at 10-11. To that end, the BOP has recognized that restricted confinement in the SMU or Special Housing Unit ("SHU") can be detrimental to mental health. *Id.* at 12. Jackson has a long and well-documented history of serious mental illness, including paranoid schizophrenia and major depressive disorder. *Id.* at 6. He intermittently suffers from "powerful mood swings, hallucinations, paranoia, racing thoughts, and pressured speech patterns." *Id.* at 18. Jackson is also intellectually disabled. *Id.* at 19.

Jackson claims that confinement in the SMU deprived him of adequate treatment for his mental illnesses. *Id.* at 3. Consequently, his condition deteriorated. *Id.* He claims to have consistently requested help for his mental illness, to no avail. *Id.* at 5. Jackson asserts that his Eighth Amendment rights were "systemically violated" by "Defendants' policies, practices, and procedures" that repeatedly designate him to the SMU. *Id.* at 33. Jackson requests declaratory and injunctive relief to stop these constitutional violations and ensure that he is not transferred to the SMU program again. *Id.* at 35.

Defendants now seek dismissal for lack of subject matter jurisdiction under Fed. R. Civ. Pro. 12(b)(1). ECF No. 57. Jackson opposes. ECF No. 59.

## II. Law and Analysis

### A. Standards governing a Rule 12(b)(1) Motion to Dismiss.

Rule 12(b)(1) of the Federal Rules of Civil Procedure require a court to dismiss a claim over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal district courts have jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." *Dos Santos v. Belmere Ltd. P'ship*, 516 Fed.Appx. 401, 402 (5th Cir. 2013) (citing 28 U.S.C. § 1331). Federal courts also have original jurisdiction over disputes between diverse citizens which exceed the sum or value of $75,000. *Dos Santos*, 516 Fed.Appx. at 402 (citing 28 U.S.C. § 1332(a)).

Lack of subject matter jurisdiction may be found in: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera–Montenegro v. U.S.*, 74 F.3d 657, 659 (5th Cir. 1996)).

The burden of proof for a 12(b)(1) motion is on the party asserting jurisdiction. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming*, 281 F.3d at 161). In considering a 12(b)(1) motion, a court may evaluate matters of fact that are in dispute. *Ramming*, 281 F.3d at 161. "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be

granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998)).

### B. Standards governing Article III standing.

Defendants assert that the Complaint, on its face, presents no case or controversy. ECF No. 57-1 at 3. Therefore, Jackson lacks Article III standing. *Id.* (citing U.S. CONST. art. III, § 2). The United States Supreme Court has found that, to establish standing, a plaintiff must have: "(1) suffered an injury in fact (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Defendants have focused on the first and third prongs of the inquiry. ECF No. 57-1 at 2-5.

To establish an injury in fact, Jackson must demonstrate that he has "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural . . . ." *Spokeo, Inc.* 136 S. Ct. at 1548 (internal quotation marks omitted). The Supreme Court has observed that past exposure to illegal conduct does not alone show a present case or controversy if unaccompanied by continuing adverse effects. *E.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). However, past wrongs can evince whether a threat is actual or imminent. *Id.*

To establish redressability, Jackson "must show that it is likely, as opposed to merely speculative, that [his] injury will be redressed by a favorable decision." *Inclusive Cmtys. Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019) (internal quotation marks omitted). It isn't necessary that the requested relief cure the injury. *Id.* Rather, "it's enough if the desired relief would lessen it." *Id.* Because declaratory and injunctive relief cannot remedy a past wrong, Jackson must allege a continuing injury in fact or threat of future injury in fact. *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998) ("It cannot conceivably remedy any past wrong").

C. <u>Jackson has standing to bring his claim.</u>

As for the first prong, Jackson has alleged a threat of future injury in fact that may be concrete, particularized, and imminent. *See* ECF No. 26; *Spokeo, Inc.* 136 S. Ct. at 1548. A concrete injury exists *de facto* – it is "real, and not abstract." *Spokeo, Inc.* 136 S. Ct. at 1548. For an injury to be particularized, it must affect the individual directly. [1] *Id.*

Regarding imminence, the Supreme Court has found that multiple steps of speculation are insufficient. *See also Lyons*, 461 U.S. at 105 ("That Lyons may have been illegally choked by the police . . . presumably affording Lyons standing . . . does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation . . . by an officer . . . who would illegally choke him."); *O'Shea v.*

---

[1] It is difficult to establish redressability if Jackson's injury is not the direct object of governmental action (or inaction). *See Inclusive Cmtys. Project, Inc.*, 946 F.3d at 655.

5

*Littleton*, 414 U.S. 488, 489 (1974) ("Where it can only be speculated whether respondents will be arrested for violating an ordinance or state statute . . . the threat of injury from the alleged course of conduct they attack is too remote to satisfy the case-or-controversy requirement.") However, the United States District Court for the Middle District of Louisiana found a real and immediate threat where a complainant demonstrated the high probability of recurring incarceration due to the plaintiff's mental illness. *See D.B. v. CorrectHealth East Baton Rouge, LLC*, No. 19-620-JWD-EWD, 2020 WL 4507320, at \*10 (M.D. La. August 5, 2020). In that case, plaintiff D.B. sought injunctive relief barring the Sheriff and City of Baton Rouge from sending him back to the parish prison for infractions committed because of his disability. *Id.* at \*9. D.B. had Asperger's Syndrome and alleged that improper medication management and restricted confinement worsened his condition. *Id.* at \*4. D.B. demonstrated that: (1) his disability was permanent; (2) he had been arrested twice in the prior year; (3) he continued to have the obsessive compulsive thoughts that led to his incarcerations; and (4) it was highly likely he would repeat his behavior. *Id.* at \*10. Thus, the Middle District found a real and immediate threat of actual injury. *Id.*

Here, Jackson establishes that BOP Program Statement 5310.16, "Treatment and Care of Inmates with Mental Illness" ("Statement"), seeks to identify inmates with mental illness and provide treatment that reduces or eliminates symptom severity. ECF No. 26 at 10. The Statement defines "serious mental illness" to include schizophrenia and major depressive disorder, among other things. *Id.* The

Statement declares that the BOP "strive[s] to avoid prolonged placement of inmates with serious mental illness in . . . [SHU] and the [SMU]" in recognition that restricted confinement has a detrimental effect on such inmates. *Id.* at 13, 21 (internal quotation marks omitted).

Jackson claims that Defendants were aware of his mental status since he entered the BOP's custody with multiple institutions documenting his schizophrenia and major depressive disorder. *Id.* at 21-29. In his Complaint, Jackson asserted that two long-term designations to the SMU and inadequate mental health care worsened the symptoms of his mental illness. *Id.* at 33-36. In addition, Jackson may be under a real threat of future injury. He alleges that his condition is chronic. *Id.* at 3. The Complaint notes that he has twice been designated to restricted confinement for non-violent infractions. *Id.* at 28. Following these designations, Jackson claims that his mental health deteriorated, resulting in "paranoia, powerful mood swings, racing thoughts and recurring nightmares, and pressured speech." *Id.* at 30.

As for the second prong, Jackson's future injury may be fairly traceable to the challenged conduct of Defendants. *See* ECF No. 31. Before Jackson's case was transferred to this Court, the United States District Court for the Middle District of Pennsylvania found that, "[b]ased on the evidence of record, the BOP itself, its acting director, and its assistant director for correctional programs would all be involved in any future SMU designation." *Id.* at 11.

7

Regarding the third prong, Jackson's alleged injury is likely to be redressed by an injunction barring his designation to an SMU or SHU absent "extraordinary security needs." *Id.* at 20 and 35. However, "the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot." *Clifford v. Stalder*, No. 07-43-LC, 2007 WL 2229566, at *2 (W.D. La. June 4, 2007) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). For Jackson's claims to remain viable, he must demonstrate that his case presents an exception to the mootness doctrine. *Clifford*, 2007 WL 2229566, at *2. Specifically, he must show that the possibility of future designations to the SMU may render his claims "capable of repetition yet evading review."

To satisfy the "capable of repetition yet evading review" exception, the Supreme Court has stated that there must be a "reasonable expectation" or "demonstrated probability" that the plaintiff will again be subjected to the disputed conditions. *E.g., Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (citing *Weinstein*, 423 U.S. at 149). Two elements must be met: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy*, 455 U.S. at 482 (citing *Weinstein*, 423 U.S. at 149). In applying this test, the Supreme Court has consistently found controversies capable of repetition that bear in favor of reasonability rather than demonstrative probability. *See Honig v. Doe*, 484 U.S. 305, 318 no. 6 (1988) (explaining that the Court's "concern in these cases, as in all others involving

8

potentially moot claims, was whether the controversy was *capable* of repetition . . . .") (internal citations omitted).

The United States Court of Appeals for the Fifth Circuit has considered the "capable of repetition yet evading review" exception within regard to inmate transfers. *See Herman v. Holiday*, 283 F.3d 660 (5th Cir. 2001). In one case, *pro se* prisoner Herman sought monetary damages and declaratory and injunctive relief following a two-month custodial incarceration. *Id.* at 662. Herman alleged that he was exposed to harmful levels of asbestos, and prayed the court enjoin Defendants from transferring him back to the offending facility. *Id.* at 663. The Fifth Circuit found that Herman was not entitled to declaratory or injunctive relief because he was incarcerated at the facility for a "short period of time"; he had already transferred out of the facility; and the possibility of transfer back to that same facility was "too speculative to warrant relief." *Id.* at 665.

Defendants argue that because Jackson has already been transferred out of the SMU at USP Lewisburg, his claim is moot. ECF No. 57-1 at 3. Here, Jackson's Amended Complaint (ECF No. 26) ("AC") prays for declaratory and injunctive relief that stops such future constitutional violations and "ensure[s] that [he] is not designated and/or transferred to the SMU program." ECF No. 26 at 35. The AC clarifies that Jackson is not seeking to enjoin Defendants from re-designation to USP Lewisburg specifically, but rather to any special management unit. *Id.* at 33-35. The alleged facts of Jackson's case could potentially establish a "reasonable expectation" of repeated designation to the SMU program. *Id.* It is likely that

9

Jackson's alleged future injury would be sufficiently redressed by the declaratory and injunctive relief sought.

Therefore, Jackson has demonstrated Article III standing. The Court has subject matter jurisdiction to hear his claim.

## III. Conclusion

Because Jackson has demonstrated a threat of future injury in fact that is fairly traceable to the Defendants and likely to be redressed by an injunction, IT IS RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 57) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party

from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this \_\_12th\_\_ day of August 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE